ENTERED NOV 2 1 2014

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-13-63

NICHOLAS GLADU,

        Plaintiff-Appellant

v.

ORDER

SHERRY GLADU, et al,

STATE OF MAINE
Cumberland. ss. Clerk's Office

MAY 29 2014

        Defendants-Appellees

RECEIVED

Before the court is an appeal by plaintiff-appellant Nicholas Gladu from a September 26, 2013 small claims judgment in favor of defendants-appellees Sherry and Kristina Gladu. This appeal was received by the undersigned from the Clerk's office on May 28, 2014, although the appeal has apparently been pending for some time. [1]

The reason stated by the District Court (J.D. Kennedy, J) for the entry of judgment for defendants with prejudice was that "plaintiff refused transport from MCC Windham." Gladu previously took an appeal from a small claims judgment entered on the same date in favor of Progressive Specialty Insurance Agency (Docket SC-13-506), and this court affirmed the judgment of the District Court in that case. See Gladu v. Progressive Specialty Insurance Agency Inc., AP-13-64 (order dated February 21, 2014).

The facts in this case are the same as those in AP-13-64. Gladu is an inmate at MCC Windham. Gladu's claim against the Progressive Agency and his claim against Sherry and Kristina Gladu were originally scheduled for August 29, 2013, but Gladu was not transported from Windham and the case was therefore continued to September 26, 2013. See August 29, 2013 District Court Order (Mulhern, J.).

---

[1] Gladu filed his brief on appeal on December 16, 2013. No opposing brief was filed by defendants-appellees. Under M.R. Small Claims P. 11(e) and M.R.Civ.P. 76G(b), defendants-appellees would therefore be precluded from being heard at oral argument. Because Gladu is incarcerated, the court is deciding this appeal on the basis of the court file and Gladu's brief.

In a letter he wrote to the Clerk's office relating to both his small claims cases Gladu stated that he had declined to be transported on August 29 because the deputy was unwilling to bring his medications.[2] In that letter Gladu requested that he be transported directly to and from the hearing and not to the Cumberland County Jail. Thereafter Gladu also wrote the clerk's office to request a continuance, stating that he needed to subpoena a witness.

On September 26 Gladu again declined to be transported, leading to Judge Kennedy's order.

In his brief Gladu acknowledges that he refused transport to the September 26 hearing, arguing that he was entitled to do so because he had not heard back on his request to be transported directly to the hearing or on his request for a continuance and because the sheriff's office stated, when he inquired, that it was not willing to transport him directly.

On this record, the court cannot find that the District Court abused its discretion in dismissing the claim based on Gladu's refusal to be transported. First, unless a continuance has actually been granted, a party is not entitled to assume that he does not need to appear. Gladu would have been free to pursue his request for a continuance if he had appeared at the hearing.

Second, Gladu was not entitled to specify how and when he would be transported and to decline to appear unless his preferred arrangement was made. Gladu had notice and an opportunity to appear, which is all that due process requires.

Finally, the court notes that Gladu's notice of appeal states that a statement in lieu of transcript would be prepared. However, no statement was prepared pursuant to

---

[2] In his brief on appeal Gladu offers some further details, contending that the medications were not ready, that the deputy was not able to wait for the medications, and that the deputy also stated that the jail would not administer the medications.

2

M.R. Small Claims P. 11(d)(1) and 11(d)(3) and M.R.Civ.P. 76F(c). While the court can affirm based on the correspondence in the file and Gladu's recitation in his brief as to his failure to appear on September 26, 2013, an alternative basis for affirmance is that there is no record on which the court could conclude that the District Court abused its discretion.

The entry shall be:

The judgment of the District Court is affirmed. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: May 29, 2014

Thomas D. Warren
Justice, Superior Court

3

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

NICHOLAS GLADU #21853    Appellant
MAINE STATE PRISON
807 CUSHING ROAD
WARREN ME 04864

SHERRY GLADU
14 DUTTON HILL ROAD
WINDHAM ME 04062



Appellees

KRISTINA M GLADU
181 BRIDGE STREET
WESTBROOK ME 04092

5/24/2014